**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **FRANK HERNANDEZ PEREZ,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-1814-KC** |
| | § | |
| **MARKWAYNE MULLIN,** | § | |
| | § | |
| **Respondent.** | § | |

## <u>ORDER</u>

On this day, the Court considered the case. Hernandez Perez, a Cuban citizen who was ordered removed from the United States in 1997, is held in immigration custody and seeks an order for his release or a bond hearing. *See generally* Pet., ECF No. 3. Hernandez Perez was detained on February 10, 2026, after serving a criminal sentence, for which his previous Order of Supervision was revoked. Resp. 2, ECF No. 9; *see id.* Ex. A ("Form I-213"), at 3, ECF No. 9-1.

Per the Court's July 23, 2026, Order, ECF No. 10, Respondents now inform the Court that "there is no specific timeline for Petitioner's removal." Resp. ¶ 4, ECF No. 14. On June 28, 2026, Cuba denied Hernandez Perez for repatriation. *Id.* ¶ 1. Since then, Hernandez Perez refused to consent to his removal to Mexico on various occasions. *Id.* Respondents have informed this Court in other immigration habeas proceedings that Mexico does not accept non-Mexican citizens for deportation without their consent. Therefore, Hernandez Perez, who is not a Mexican citizen, cannot be removed to Mexico without his consent. Respondents state they are "actively working on removal to a third country other than Mexico, but [have] no updates currently." *Id.* ¶ 3.

In sum, Respondents have not shown any significant likelihood of removing Hernandez Perez to Cuba, Mexico, or any other country in the reasonably foreseeable future.  Hernandez Perez has now been detained for over six months.  Respondents concede that he cannot be removed to Cuba or Mexico.  *See* Resp., Ex. A ("Valencia Decl."), at 5, ECF No. 14-1. Respondents do not provide an anticipated timeline for his removal, nor do they purport to have identified any other countries for removal.  *See generally id*.  Because all ongoing removal efforts are vague and speculative, as Respondents cannot provide a timeline and have no concrete alternatives for Hernandez Perez's removal, and considering that he has now been detained for over six months, Respondents have failed to carry their own burden of proving that his removal is significantly likely in the reasonably foreseeable future.  *See Zadvydas*, 533 U.S. at 689–90; *see, e.g.*, *Trejo v. Warden of ERO El Paso East Montana*, --- F. Supp. 3d ----, 2025 WL 2992187, at *5–6 (W.D. Tex. Oct. 24, 2025).  Nevertheless, because Respondents aver that they continue to attempt to identify an alternative country, the Court gives them a final opportunity to do so.

Accordingly, the Petition is **GRANTED IN PART**.  *See id.*  The Court **ORDERS** that, **on or before August 19, 2026**, Respondents shall either lawfully **REMOVE** Hernandez Perez from the United States or **RELEASE** Hernandez Perez from custody under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before August 19, 2026**, Respondents shall **FILE** notice informing the Court whether Hernandez Perez has been removed from the country or released from custody in compliance with this Order.

2

**Barring exceptional circumstances, there will be no extensions of the August 19, 2026, deadlines**, unless they fall on a weekend or holiday, in which case, the deadlines are extended to the following business day.

**SO ORDERED**.

**SIGNED this 11th day of August, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

3